UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-14107-CIV-MARTINEZ/LYNCH

STEVEN M. ZERBE,

    Plaintiff,

v.

SHERIFF KEN J. MASCARA AND CORRECTIONS
OFFICERS CHESLOCK, HOLMES, PEARSON, AND TODD,

    Defendants.
_____/

FILED by _____ D.C.

JUL 1 1 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON DEFENDANTS CHESLOCK, HOLMES, PEARSON, AND TODD'S MOTION TO DISMISS (DE 1-2) AND DEFENDANT SHERIFF MASCARA'S MOTION TO DISMISS COUNT II (DE 5)

**THIS CAUSE** comes before this Court upon an Order of Reference (DE 11) of the two above Motions. Having reviewed the Motions, noting that no Responses were filed, this Court recommends as follows:

1. The subject of the Plaintiff's Complaint concerns two incidents while held at the St. Lucie County Jail. First, on August 22, 2003, the Plaintiff was battered by one or more inmates. Second, on August 23, 2003, the Defendant Corrections Officers sprayed him in the face with pepper spray. The Plaintiff gives no additional information about these incidents.

2. Sheriff Mascara is responsible for the management and operation of the county jail system, and the Plaintiff brings two counts against him concerning the August 22nd inmate attack. At

Count I the Plaintiff alleges negligence (breach of his legal duty to maintain a reasonably safe jail facility), and at Count II the Plaintiff alleges insufficient training of jail staff and deliberate indifference.

3. The remaining counts are brought against the respective Corrections Officers. Counts III-VI allege common law battery, and Counts VII-X allege excessive force.

4. Ruling on the Defendants' Motions requires analysis under Rule 12(b)(6) for failure to state a claim, a standard which ultimately requires this Court to accept the Plaintiff's well-pled factual allegations as true and to draw all reasonable inferences in his favor. See Morrison v. Amway Corp., 323 F.3d 920, 924, n.5 (11th Cir. 2003) and Oxford Asset Mgt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002). Therefore the Complaint is subject to dismissal if the Plaintiff can prove no set of facts to support his claims or if the alleged facts fail to state a cognizable theory for relief, see, e.g., Glen v. Club Mediterranee S.A., 365 F.Supp.2d 1263, 1273 (S.D. Fla. 2005); or if the Plaintiff's allegations present a dispositive legal issue precluding relief such as the affirmative defense of qualified immunity, see Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001).

5. This Court considers Sheriff Mascara's Motion first. According to him, Count II fails because (1) "the underlying acts

which were the cause of the violation of Plaintiff's constitutional rights amounted to negligent conduct" and (2) a state official cannot be held liable under 42 U.S.C. § 1983 for negligence. The Defendant is unpersuasive for two reasons. First the Defendant does not identify to what underlying acts he is referring. Perhaps the Defendant is referring to the battery incident, but in any event, Count II is not couched in terms of negligence or tort but rather in terms of a § 1983 deliberate indifference claim. Briefly stated, the Plaintiff has a right to be free from threat of violence or physical assault from other inmates. See Zatler v. Wainwright, 802 F.2d 397, 400 (11th Cir. 1986), Doe v. Ga. Dept. of Corrections, 248 Fed.Appx. 67, 70 (11th Cir. 2007). Deliberate indifference to the risk of such a harm can be shown through a failure to adequately train or supervise jail staff. Cf. Mercado v. City of Orlando, 407 F.3d 1152, 1161 (11th Cir. 2005), Wakefield v. City of Pembroke Pines, 2008 WL 698931, *2 (11th Cir. 2008). The Defendant's personal participation in the underlying harm is not required in order to state a § 1983 claim against him. See Wilson v. Attaway, 757 F.2d 1227, 1241 (11th Cir. 1985).

6. It is therefore clear that the Plaintiff can bring his § 1983 claim against Sheriff Mascara for the constitutional deprivation resulting from insufficient staff training. It is also clear that Count II alleges more than just negligence but

rather deliberate indifference. The Defendant cites no other defect in the pleadings raised against him, whether concerning this Count or Count I for negligence. Sheriff Mascara's Motion therefore should be denied.

7.  This Court turns next to the Motion filed by the Corrections Officers. They contend that the Plaintiff's allegation of unreasonable and excessive force during the August 23rd mace incident is too conclusory to overcome their defense of qualified immunity. The pleadings leave no doubt that the Defendant Corrections Officers acted within their discretionary authority, and this shifts the burden to the Plaintiff to show how qualified immunity is unavailable. In order to meet this burden on the pleadings, the Plaintiff must allege (1) the deprivation of a constitutional right (2) that was clearly established at the time of the violation. See Epps v. Watson, 492 F.3d 1240, 1243 (11th Cir. 2007). For a qualified immunity analysis at this stage, this Court must rely on the Plaintiff's allegations and all reasonable inferences drawn therefrom, assuming them to be true.

8.  The Plaintiff alleges a violation of his Fourth Amendment right to be free from unreasonable seizures. At the outset it appears doubtful whether the Plaintiff has chosen the right cause of action. A Fourth Amendment claim generally applies to arrests or investigative searchs. See Skop v. City of Atlanta,

Ga., 485 F.3d 1130, 1137 (11th Cir. 2007) (defining seizure of the person to mean an arrest under Fourth Amendment terminology), Nicarry v. Cannaday, 260 Fed.Appx. 166, 169 (11th Cir. 2007) (explaining that the Fourth Amendment contains the right to be free from excessive force in the course of search or seizure). To this extent the Plaintiff fails to state a violation of a constitutional right.

9. The substance of the Plaintiff's allegations may come closer to a Fourteenth Amendment excessive force claim instead. The Eleventh Circuit recently set forth the elements of a claim of excessive force by prison guards in the case of Cockrell v. Sparks, 510 F.3d 1307, 1311 (11th Cir. 2007). There the Court set out five factors used to judge the necessity of a guard's use of force and to judge whether the guard acted egregiously or in a good faith effort to restore order. However the Complaint does not state this sort of an excessive force claim either, in short because the Plaintiff does not allege the circumstances surrounding the officers' use of mace on him. In other words, the Plaintiff's very brief averments do not outline an unwarranted, unnecessary use of force.

10. Therefore the Plaintiff should be given leave to amend his constitutional rights claims. The Plaintiff either should clarify the basis of his Fourth Amendment claim or should recast it under a different constitutional theory. The Plaintiff

moreover should take care to plead his § 1983 based claims with greater specificity in light of the Defendants' assertion of qualified immunity.

11. As for the Plaintiff's claims of battery, the Defendant Corrections Officers raise the defense of sovereign immunity under § 768.29(9)(a), Fla. Stat. That statute contains an exception, however. The Defendants lose immunity if they acted in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights or safety. See McBride v. Coats, 2007 WL 4181281 (M.D. Fla. 2007). It follows therefore that if the Defendants' use of force is found to be reasonable, then they cannot be found liable for state law battery. Conversely if the Plaintiff can prove the exception, which amounts to proving a § 1983 excessive force claim, then he can overcome their immunity defense. See Valdes v. Crosby, 390 F.Supp.2d 1084, 1108 (M.D. Fla. 2005).

12. The Plaintiff's battery claims are ambiguous as to whether he is pleading under this exception. The Plaintiff does allege an unreasonable and excessive use of force, language which certainly implies wantonness. Nevertheless the Plaintiff should clarify his battery claims in light of § 768.28(9)(a), Fla. Stat.

13. Upon repleading, this Court suggests that the Plaintiff also clarify the constitutional basis of his § 1983 claims. That is, whether he is asserting his rights under the Eighth or

Fourteenth Amendments. Generally speaking, the status of his custody determines which amendment applies. If he was held in the St. Lucie County Jail as a convicted prisoner, then the Eighth Amendment applies; whereas if he was held as a pretrial detainee, then the Fourteenth Amendment applies. See Lumley v. City of Dade City, Fla., 327 F.3d 1186, 1196 (11th Cir. 2003).

## CONCLUSION

Defendant Mascara disputes whether the Plaintiff can bring suit against him as a non-participant, but § 1983 does permit a deliberate indifference claim. As for the Defendant Corrections Officers, they reveal various shortcomings in the claims raised against them that warrant dismissal. However, since it is possible that the Plaintiff may be able to better plead his claims, he should be give leave to amend them. See Silva v. Bieluch, 351 F.3d 1045, 1048-49 (11th Cir. 2003).

**ACCORDINGLY**, this Court recommends to the District Court that Defendant Mascara's Motion to Dismiss Count II be **DENIED** but that Defendants Cheslock, et al.,'s Motion to Dismiss the Complaint be **GRANTED** with leave to amend.

The parties shall have ten (10) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 11th day of July, 2008.

_____
FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Jose E. Martinez
    Summer M. Barranco, Esq.
    Oscar Syger, Esq.