UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Ft. Pierce Division
**Case Number:  08-14107-CIV-MARTINEZ-LYNCH**

STEVEN M. ZERBE,

      Plaintiff,

vs.

SHERIFF KEN J. MASCARA,
CORRECTIONS OFFICER CHRIS
CHESLOCK, CORRECTIONS OFFICER
HOLMES, CORRECTIONS OFFICER PAUL
PEARSON and CORRECTIONS OFFICER
TODD,

      Defendants.

_____/

## <u>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT</u>

THIS CAUSE came before the Court upon Defendant Sheriff Ken J. Mascara's Motion for Summary Judgment as to Counts One and Two **(D.E. No. 24)** and Defendants Cheslock, Holmes, Pearson and Todd's Motion for Summary Judgment as to Counts Three through Ten **(D.E. No. 25)**.  Plaintiff Steven M. Zerbe ("Plaintiff" or "Zerbe") has filed suit against Sheriff Ken J. Mascara ("Mascara"), Corrections Officer Chris Heslock ("Heslock"), Corrections Officer Ralph Holmes ("Holmes"), Corrections Officer Paul Pearson ("Pearson"), and Corrections Officer Corey Todd ("Todd"), alleging violations of his civil rights pursuant to 42 U.S.C. § 1983 and alleging state law tort claims arising from an altercation that occurred while Plaintiff was a pretrial detainee in the St. Lucie County Jail.  After careful consideration, the Court grants Defendant Mascara's motion for summary judgment and denies the individual Defendants' motions for summary judgment.

## I.  Relevant Factual and Procedural Background

Plaintiff was arrested on April 19, 2003 and booked into the St. Lucie County Jail.  *See* (D.E. No. 26-4).  On or about August 22, 2003, while Plaintiff was a pretrial detainee at the St. Lucie County Jail, he alleges that he was attacked by one or more inmates.  (D.E. No. 18 at ¶¶ 11, 12, 25).  Plaintiff also alleges that on or about August 23, 2003 or August 24, 2003, Defendants Cheslock, Holmes, Pearson, and Todd sprayed him with pepper spray and mace and punched and kicked him.  (D.E. No. 18 at ¶¶ 25, 26, 27, 31, 32, 33, 37, 38, 39, 43, 44, 45).  It is unclear whether the inmate attack and the alleged altercation with the Defendant officers all happened at the same time on the same day or if they occurred on different days.

Plaintiff filed suit against Defendants on August 15, 2007 in the Circuit Court of the Nineteenth Judicial Circuit in and for St. Lucie County, Florida.  (D.E. No. 1).  This case was removed to this Court on April 1, 2008.  In the operative complaint, Plaintiff has alleged ten counts stating state tort law claims and violations of 42 U.S.C. § 1983.  Defendants now move for summary judgment on all claims asserted against them.

## II.  Legal Standard

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  By its very terms, this standard provides that "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there will be no *genuine* issue of *material* fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48

(1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).  An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the non-moving party.  *Anderson*, 477 U.S. at 248;  *Matsushita Electric Indus. Co.,* 475 U.S. at 586.  It is "material" if it might affect the outcome of the case under the governing law. *Anderson*, 477 U.S. at 248.  In addition, in considering a motion for summary judgment, the Court is required to view the evidence in the light most favorable to the non-moving party.  *Id*. at 255.

If the moving party bears the burden of proof at trial, the moving party must establish all essential elements of the claim or defense in order to obtain summary judgment.  *See United States v. Four Parcels of Real Prop. in Greene and Tuscaloosa Counties*, 941 F. 2d 1428, 1438 (11th Cir. 1991).  The moving party  "'must support its motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial.'" *Id*. (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986) (Brennan, J., dissenting)).  "If the moving party makes such an affirmative showing, it is entitled to summary judgment unless the nonmoving party, in response, 'come[s] forward with significant, probative evidence demonstrating the existence of a triable issue of fact.'" *Four Parcels of Real Prop. in Greene and Tuscaloosa Counties*, 941 F. 3d at 1438 (quoting *Chanel, Inc. v. Italian Activewear of Fla., Inc*., 931 F.3d 1472, 1477 (11th Cir. 1991)). *See also* Fed. R. Civ. P. 56(e).

In contrast, if the non-moving party bears the burden of proof at trial, the moving party may obtain summary judgment simply by establishing the nonexistence of a genuine issue of material fact as to any essential element of a non-moving party's claim or affirmative defense. *Celotex*, 477 U.S. at 324. When the non-moving party bears the burden of proof, the moving party

does not have to "support its motion with affidavits or other similar material *negating* the

opponent's claim." *Id*. at 323 (emphasis in original). The moving party may discharge its burden

in this situation by showing the Court that "there is an absence of evidence to support the

nonmoving party's case." *Id*. at 324.   Once the moving party discharges its initial burden, a non-

moving party who bears the burden of proof must "go beyond the pleadings and by [its] own

affidavits or by the 'depositions, answers to interrogatories, and admissions on file' designate

'specific facts showing that there is a genuine issue for trial.'" *Id*. (quoting Fed. R. Civ. P. 56(e)).

A non-moving party "may not rest upon the mere allegations or denials of the adverse party's

pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial."

Fed. R. Civ. P. 56(e).

### III.  Analysis

All Defendants have moved for summary judgment.  Defendant Mascara has moved for

summary judgment on the claims in Counts One and Two asserted against him.  Defendants

Cheslock, Holmes, Pearson, and Todd have moved for summary judgment on the claims asserted

against them in Counts Three through Ten.  After careful consideration, the Court grants

Defendant Mascara's motion and denies the individual Defendants' motion.

### A.     Counts One and Two Asserted Against Defendant Mascara

Defendant Mascara has moved for summary judgment on Counts One and Two, which are

claims asserted against him in his official capacity as the Sheriff of St. Lucie County.  In Count

One, Plaintiff alleges a negligence claim, stating that Mascara "breached his duty of care by

allowing . . . [particular inmates who battered Plaintiff] to have contact with . . . [him] when,

under all material circumstances it was foreseeable to Mascara that these inmates would batter . . .

[him]." (D.E. No. 18 at ¶ 13).  In Count Two, Plaintiff alleges a violation of section 1983, stating

that Mascara  "had a policy, practice or custom of insufficiently training . . . corrections officers so

that the officers were not properly trained to be able to reasonably deter inmate on inmate attacks,

including the attack on Zerbe occurring on or about August 22, 2003."  *Id*. at ¶ 18. Defendant

Mascara argues that summary judgment should be granted on the negligence claim in Count One

because Plaintiff failed to submit a written pre-suit notice as required by section 768.28(6) of the

Florida Statutes.  Defendant Mascara also argues that summary judgment should be granted on the

section 1983 claim asserted against him in Count Two because there is no evidence that the St.

Lucie County Sheriff's Office had a widespread custom, policy, practice or procedure of

inadequately training corrections officers.  After careful consideration, the Court grants Defendant

Mascara's motion for summary judgment on Counts One and Two.

First, the Court finds that Defendant Mascara is entitled to summary judgment on Count

One because there are no genuine issues of material fact that Plaintiff failed to comply with the

pre-suit notification requirements in section 768.28(6).  This section provides in relevant part that:

> An action may not be instituted on a claim against the state or one of its agencies
> or subdivisions unless the claimant presents the claim in writing to the appropriate
> agency, and also, except as to any claim against a municipality or the Florida Space
> Authority, presents such claim in writing to the Department of Financial Services,
> within 3 years after such claim accrues and the Department of Financial Services or
> the appropriate agency denies the claim in writing.

Fla. Stat. § 768.28(6)(a).  The written notice described in section 768.28(6)(a) is a condition

precedent to maintaining an action.  Fla. Stat. § 768.28(6)(b).  The statute does not describe the

type of notice that is required; however, "any manner of written notice that satisfactorily describes

or identifies the occurrence underlying the claim should suffice."  *Smart v. Monge*, 667 So. 2d

957, 958 (Fla. 2d DCA 1996). Here, there are no genuine issues of material fact that Plaintiff did not comply with this pre-suit notification requirement.

Defendant Mascara offers an affidavit from Adam Fetterman, General Counsel for the St. Lucie County Sheriff's Office and an affidavit from Marc Stemle, Administrator for the Risk Management Department of the State of Florida Department of Financial Services, both of whom state that no pre-suit notice was received regarding the allegations at issue in this case from Plaintiff or anyone on his behalf. *See* (D.E. Nos. 26-7, 26-8). Plaintiff argues that a pre-suit notice was sent to Defendant Mascara and attaches a letter sent by Bonnie Zerbe on the behalf of Plaintiff. Upon review of this letter, however, it in no way describes or identifies the incident described in the complaint. *See* (D.E. No. 42-2). Thus, as there are no genuine issues of material fact that no pre-suit notification identifying the claims at issue in this case was ever sent, the Court grants summary judgment against Plaintiff as to Count One.[1] *See Rauen v. City of Miami*, No. CV 06-21182, 2007 WL 686609, at *12 (S.D. Fla. March 2, 2007) (dismissing counts asserted against the City of Ft. Lauderdale where plaintiffs failed to comply with Fla. Stat. 768.28(6)(a)).

The Court also grants summary judgment as to Count Two, finding no evidence that the St. Lucie County Sheriff's Office had a widespread custom, policy, practice or procedure of inadequately training its corrections officers in the deterrence of inmate on inmate attacks. Pursuant to *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), a municipality may not be liable under theories of vicarious liability or respondeat superior for

---

[1]Plaintiff also argues that Defendant Mascara cannot demand strict compliance with section 768.28(6) because "Defendant, in paragraph 94 of its Answers and Affirmative Defenses superficially [sic] alleged that conditions precedent for the maintenance of this cause of action have not been complied with." This Court finds no need to address this argument as paragraph 94 of Defendant Mascara's Answer meets the requirements Federal Rule of Civil Procedure 8.

constitutional violations under section 1983; however, a municipality may be sued under section 1983 if "the action that is alleged to be unconstitutional implements or executes a policy, statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690.  A plaintiff may demonstrate that a municipality has such a policy by identifying "(1) an officially promulgated county policy or (2) an unofficial custom or practice of the county shown through the repeated acts of a final policymaker for the county." *Grech v. Clayton County, Ga.*, 335 F. 3d 1326, 1330 (11th Cir. 2003).  "Custom consists of those practices of city officials that are 'so permanent and well settled' as to have 'the force of law.'" *Gilmere v. City of Atlanta, Ga.*, 737 F. 2d 894, 902 (11th Cir. 1984) (quoting *Monell*, 436 U.S. at 691). "Failure to properly train municipal police officers is considered a 'policy or custom' that gives rise to § 1983 liability when such failure reflects deliberate indifference to the constitutional rights of municipal inhabitants." *McKinney v. DeKalb County, Ga.*, 997 F.2d 1440, 1442 (11th Cir.1993).  "To establish . . . 'deliberate indifference,' a plaintiff must present some evidence that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action." *Gold v. City of Miami*, 151 F. 3d 1346, 1350 (11th Cir. 1998).

Here, Defendant Mascara has offered evidence that St. Lucie County corrections officers underwent training in accordance with standards set forth by the Florida Department of Law Enforcement and Criminal Justice Standards and the Training Commission guidelines.  (D.E. No. 26-9).  Defendant Mascara has also offered evidence that different specific training programs were in place for officers of St. Lucie County Sheriff's office.  *See* (D.E. No. 26-5).  In contrast, Plaintiff has not offered any evidence that the St. Lucie County Sheriff's Office had a custom or

policy of failing to train its officers in the deterrence inmate on inmate attacks.

Plaintiff argues that he has presented evidence of the lack of training based on the testimony of Captain Walsh.  Specifically, Plaintiff states that Captain Walsh testified as to "Sheriff Mascara's lack of involvement in either reviewing complaints of force or of tracking disciplinary matters."  (D.E. No. 42 at 6).  However, upon review of the portions of Captain Walsh's deposition submitted by Plaintiff, she does not offer any such testimony. *See* (D.E. No. 42-3).[2]

Plaintiff cites the following exchange from Captain Walsh's deposition:

Q.[3]    Okay.  As you sit here today did you yourself ever discuss directly with Sheriff Mascara, face to face, an ongoing investigation involving use of force?

A.    No.

Q.    As far as you sit here today were you ever briefed about a dialogue between Sheriff Mascara and the Chief Deputy involving an allegation of use of force?

A.    I don't recall that at all.

(D.E. No. 42-3 at 3).  This testimony, however, does not establish anything.  First, it is unclear if the "use of force" discussed above relate to inmate-on-inmate attacks.  It is also unclear if Captain Walsh should have discussed an ongoing investigation with Mascara face to face or whether Captain Walsh should have been briefed about some particular, unspecified dialogue between Mascara and the Chief Deputy.  Even if both of these actions should have occurred, it is unclear

[2]The same pages of Captain Walsh's deposition were also submitted as docket entry number 43-3.

[3]It is unclear who is asking the questions; however, Captain Walsh is answering the questions asked.

why their failure to occur is significant.  This entire exchange is incredibly vague.  It is not

specific enough to demonstrate that Defendant Mascara was not involved in disciplinary matters.[4]

Plaintiff also argues that the number of incidents in which excessive force was used

against him demonstrates that Sheriff Mascara, acting in his official capacity, had a custom or

policy of failing to train his officers.  The Court finds this argument confuses the claims that are at

issue in this case.  Plaintiff has specifically alleged a section 1983 violation against Defendant

Mascara in Count Two because he failed to train his corrections officers in deterring inmate on

inmate attacks, not because he failed to train officers in the use of excessive force.  (D.E. No. 18

at ¶ 18).  It is inappropriate for Plaintiff to attempt to change or amend the claims in his complaint

in a response to a motion for summary judgment.  *See Gilmore v. Gates, MacDonald, & Co.*, 382

F. 3d 1312, 1315 (11th Cir. 2004) (finding it was inappropriate for a plaintiff to attempt to add a

new claim in a response to a motion for summary judgment).

Even assuming that the incidents of excessive force are a part of the failure to train claim

---

[4]Plaintiff attempts to use this evidence to argue that this case is like the situation in *Rivas v. Freeman*, 940 F. 2d 1491 (11th Cir. 1991).  In *Rivas*, the Eleventh Circuit upheld a district court's finding that a sheriff was liable under section 1983 for failing "to establish sufficient and appropriate procedures and policies regarding identification of arrestees, warrantless searches and computer checks for information." *Id*. at 1495.  The court found that the sheriff was "directly responsible" for creating these policies and that the "evidence presented at trial clearly established that . . . [the sheriff] failed to establish such polices." *Id*.  Plaintiff argues that this case "is analogous to *Rivas* in that the lack of involvement in formulating policies is the equivalent of Sheriff Mascara's detachment from reviewing allegations of use of excessive force." (D.E. No. 42 at 6).

However, as discussed above, Plaintiff has failed to present any evidence that Defendant Mascara was not involved in the disciplinary process and that such lack of involvement rose to the level of deliberate indifference.  In addition, as also discussed above, this argument appears to confuse the claims at issue in the complaint.  Plaintiff alleges that Defendant Mascara inadequately trained his officers in deterring inmate on inmate attacks not that he failed to train them with regard to the use of excessive force.

at issue in this case, the Court finds no evidence that such a failure to train rose to the level of deliberate indifference.  Specifically, there is no evidence that Defendant Mascara had notice of a pattern of conduct and failed to take action. From the evidence presented by Plaintiff, it is unclear when or how many incidents of excessive force occurred.  Defendants have provided evidence of an incident that occurred on May 13, 2003,[5] which is prior to the incident which Plaintiff alleges occurred in this case.  *See* (D.E. No. 26-4).  However, even if this Court views this one prior incident as an example of excessive force, it is still not enough to provide the notice required to demonstrate deliberate indifference.  *See Thompson v. Spears*, 336 F. Supp. 2d 1224, 1236 (S.D. Fla. 2004) (stating that Plaintiff, who alleged violations of section 1983 based on his allegations that he had been assaulted on two different occasions by inmates, had "to produce more than his own claims to prove a custom" because to hold otherwise would amount to "the creation of *respondeat superior* liability, which the Supreme Court expressly prohibited in *Monell*.").  Thus, the Court finds there are no genuine issues of material fact as to Count Two, and the Court grants Defendant's motion for summary judgment as to this count.

**B.    Counts Three through Ten Asserted Against Cheslock, Holmes, Pearson, and Todd**

Defendants Cheslock, Holmes, Pearson, and Todd have also moved for summary judgment on the claims asserted against them in Counts Three through Thirteen.  In Counts Three

---

[5]In a series of incident reports, different officers describe an incident that occurred on May 13, 2003 where Zerbe refused to get handcuffed and was eventually sprayed with O.C. spray by an officer.  *See* (D.E. No. 26-4).  After being taken to the nurse and returned to his cell, Zerbe was later observed kicking his cell bars violently and ripping his uniform and tying the pieces together.  *Id*.  He told one officer that he was suicidal.  *Id*.  He was then escorted from his cell and placed in a pro-restraint chair.  *Id*.  This appears to part of the same conduct Plaintiff describes in the evidence he has submitted to the Court.  *See* (D.E. No. 41-2).

through Six, Plaintiff has alleged battery claims against each individual Defendant, and in Counts

Seven through Ten, Plaintiff has alleged section 1983 claims against each individual Defendant

based on violations of the Fourteenth Amendment. In these counts, Plaintiff alleges that on or

about August 23, 2003 or August 24, 2003, he was battered or excessive force was applied to him

by each of the individual officer Defendants.[6]  The individual officers now move for summary

judgment, citing evidence that they were not present on the dates Plaintiff alleges these incidents

occurred.  After careful consideration, the Court finds genuine issues of material fact remain as to

the claims in counts Three Through Ten, and the Court denies the individual Defendants' motions

for summary judgment.

   Defendants have offered evidence that Defendants Cheslock, Holmes, and Pearson were

not working on August 22, 2003, August 23, 2003, and August 24, 2003.  *See* (D.E. Nos. 26-2,

26-3).  Defendants have also offered evidence that Defendant Todd was working in Pod A on the

dates in question, which is a different location from Pod B where Plaintiff was housed.  *Id*.

Plaintiff does not dispute this evidence. However, the Court finds that genuine issues of material

fact remain in this case.

   Plaintiff has offered evidence that an incident occurred where he was sprayed with pepper

spray and struck and kicked by the four individual officers at a time when he "was a victim of a

physical battery administered by two other inmates of the St. Lucie County Jail."  (D.E. No. 41-3).

The date of the attack is not something which is an essential element of this claim.  Thus, the fact

that Defendants were either not working or working in a different area on the dates alleged in the

_____

[6]It is unclear from Plaintiff's allegations if this incident happened at the same time he was
attacked by one or more inmates or if this incident with the officers happened the next day.

complaint is not significant for purposes of summary judgment.  This is not a situation where

Defendants have offered evidence that the incident simply never occurred, and Plaintiff has failed

to dispute this evidence.  Defendants have merely offered evidence that the incident did not occur

on the date Plaintiff alleged.  The Court acknowledges that the date the incident occurred may be

significant for statute of limitations purposes; however, the statute of limitations is an affirmative

defense, which Defendants are responsible for proving.  *See* Fed. R. Civ. P. 8(c)(1).  If at trial

Defendants can demonstrate that there are no genuine issues of material fact that any claims

resulting from the incident at issue in this case are barred by the statute of limitations period, they

may be entitled to judgment as a matter of law.  However, the individual Defendants are not

entitled to summary judgment at this time.  Accordingly, it is hereby:

      **ORDERED AND ADJUDGED** that

      1.      Defendant Sheriff Ken J. Mascara's Motion for Summary Judgment as to Counts

One and Two **(D.E. No. 24)** is **GRANTED**.  A final judgment shall be entered in favor of

Defendant Mascara by separate order.

      2.      Defendants Cheslock, Holmes, Pearson and Todd's Motion for Summary Judgment

as to Counts Three through Ten **(D.E. No. 25)** is **DENIED**.

      DONE AND ORDERED in Chambers at Miami, Florida, this 20 day of February, 2009.

                _____

                JOSE E. MARTINEZ
                UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Lynch
All Counsel of Record
Steven M. Zerbe, *pro se*
965 35th Avenue
Vero Beach, FL 32960